IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES R. ROBINSON, IV, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 16-3203 |
| | ) | |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
|    Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court following the Seventh Circuit's Order granting the Petitioner's application for a successive motion under 28 U.S.C. § 2255 and authorizing this Court to consider the Petitioner's claim under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563.

The Seventh Circuit's authorization is based on the possibility that the Petitioner was classified as a career offender at sentencing and one of his qualifying convictions was pursuant to the residual clause and, further, that *Johnson* applies to the guidelines. In *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), the

United States Supreme Court held that because the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, *Johnson* does not apply to the guidelines. *See id*. at 890.

I.

The Petitioner was initially sentenced to life imprisonment. The Government claimed the Petitioner's sentence was based on the amount of drugs, not the career offender guideline. The Petitioner was recently re-sentenced to 360 months imprisonment. In authorizing the successive § 2255 motion, the Seventh Circuit noted it was not clear how that sentence was calculated. Regardless of how his sentence was calculated, the Court concludes that Petitioner is entitled to no relief.

The residual clause of the career-offender guideline, unlike the residual clause of the Armed Career Criminal Act (ACCA), is not susceptible to vagueness challenges. *See Beckles*, 137 S. Ct. at 897. An important aspect of the Court's reasoning was that the ACCA constituted legislation that fixed the permissible range of sentences for qualifying conduct. *See id*. at 892. The guidelines now "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. Given that sentencing judges have discretion under the guidelines, the constitutional concerns present in *Johnson*–affording notice to defendants of what conduct will subject them to longer penalties under the ACCA

2

and preventing arbitrary application of the ACCA's standards–are not implicated by the guidelines. *See id*.

It is worth noting that in her concurrence in *Beckles*, Justice Sotomayor suggested that, based on the "formalistic distinction between mandatory and advisory rules," it is something of an open "question whether defendants sentenced to terms of imprisonment" prior to *United States v. Booker*, 543 U.S. 220 (2005)–at a time when the Guidelines fixed the permissible range of sentences–may challenge their sentences based on vagueness. *See Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment). Justice Sotomayor did not express her view on the merits of any such challenge. *See id*. ("That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.").

The Petitioner was sentenced in 1999–several years before the Supreme Court decided *Booker*. At the time, the Guidelines were "mandatory and binding on all judges." *See Booker*, 543 U.S. at 233. "Because they are binding on judges, we have consistently held that the Guidelines have the force and effect of laws." *Id*. at 234. The Court recognized the ability of sentencing judges to depart in certain instances, but noted that judges in most cases were required to impose a sentence within the Guideline range. *See id*. In *Booker*, for example, the sentencing judge would have been reversed if he did not impose a sentence within the applicable range. *See id*. at

235.

An argument can be made that the mandatory guidelines should be subject to vagueness challenges for the same reason as the ACCA. Before *Booker*, the Guidelines had the "full force and effect of laws" because judges were directed under 18 U.S.C. § 3553(b) to "impose a sentence of the kind, and within the range" set by the Guidelines. *See Booker*, 543 U.S. at 234. Departures were to be determined by considering "only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b). The policy statements and commentary were also binding. *See Stinson v. United States*, 508 U.S. 36, 42-43 (1993). While "the advisory guidelines do not fix the permissible range of sentences," *see Beckles*, 137 S. Ct. at 892, the ACCA did fix the permissible range and the mandatory guidelines are analogous in that respect. Accordingly, there is a plausible argument for treating the mandatory career offender guideline's residual clause like that of the ACCA and finding that it is unconstitutionally vague, unlike the advisory career offender guideline range.

## II.

Before *Johnson* was decided by the Supreme Court, the Seventh Circuit held that neither the advisory nor the mandatory guidelines were susceptible to vagueness challenges. *See United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012); *United*

4

*States v. Brierton*, 165 F.3d 1133, 1138-39 (7th Cir. 1999). Following the decision in *Johnson*, the Seventh Circuit held in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) that vagueness challenges against the guidelines were permissible. *See id*. at 725. The Supreme Court then in *Beckles* overruled *Hurlburt*. *United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017) ("This week, the Supreme Court overturned that decision, holding that 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"). Based on the ruling in *Beckles*, a case can be made that *Tichenor* and *Brierton* are once again good law that precludes the Court from granting any habeas relief.

It is also worth noting there is a distinction between a federal statute such as the ACCA that alters the statutory sentencing range and a mandatory guideline scheme. The top of a guideline range is generally not the same as a legislatively determined statutory maximum. *See United States v. Rodriguez*, 553 U.S. 377, 390 (2008). "[G]uidelines systems typically allow a sentencing judge to impose a sentence that exceeds the top of the guidelines range under appropriate circumstances." *Id*.

Additionally, under the old mandatory guideline scheme, courts had the authority to depart from the prescribed range in exceptional cases. *See* U.S.S.G. § 5K2.0; *see also* U.S.S.G. § 4A1.3 (criminal history departures).

5

Following the decision in *Johnson* and before the Supreme Court would adopt the same rule in *Beckles*, the Eleventh Circuit held that "[t]he vagueness doctrine . . . does not apply to advisory guidelines." *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015). The Eleventh Circuit later held that "the logic and principles established in *Matchett*" apply to when the Guidelines were mandatory. *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). "The Guidelines–whether mandatory or advisory–cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *Id*. The court further stated that "a rule extending *Johnson* and concluding that it invalidates the crime-of-violence residual clause in the Guidelines would establish only that the defendant's guidelines range had been incorrectly calculated, but it would not alter the statutory boundaries for sentencing set by Congress for the crime." *Id*. at 1355. This rationale is consistent with *Beckles*' holding limiting vagueness challenges to sentencing laws that "fix the permissible sentences for criminal offenses." 137 S. Ct. at 892.

Since *Beckles* was decided, the United States Court of Appeals for the Seventh Circuit has not yet addressed whether the mandatory Guidelines are open to vagueness challenges. In *Daniels v. United States*, 2017 WL 2623873 (E.D. WI June 16, 2017), the Eastern District of Wisconsin found that "*Hurlburt* has been abrogated

6

on the very issues upon which it abrogated *Tichenor* and *Brierton*. As a result, those prior cases have been revived, and they require dismissal of *Daniels*' claim." *See id*. at *3; *see also Cross v. United States*, 2017 WL 2345592 (E.D. WI. May 30, 2017), at *3 ("[B]ecause *Hurlburt* has been abrogated on the very issues upon which it abrogated *Tichenor* and *Brierton*, those prior cases have been revived. New life having been breathed into them, *Tichenor* and *Brierton* compel the conclusion that *Cross*' vagueness challenge is without merit."). The court in *Daniels* went on to state:

> [T]he Court is obliged to conclude that it is bound not by *Hurlburt* but by the intervening authority of *Beckles*. If the Seventh Circuit can better thread the needle through the analytical minefield left in the wake of these cases, it is certainly welcome to do so. This Court cannot undertake that task, since it is first and foremost bound to follow the law given by higher courts. Because the Court cannot conclude with certainty that *Hurlburt*'s abrogation of *Tichenor* has continuing force after *Beckles*, the Court is constrained to follow *Beckles*, *Tichenor*, and *Brierton*, which point ineluctably to the conclusion that even mandatory Guidelines are not amenable to vagueness challenge.

*Id*. at 5.

This Court agrees with Judge Stadtmueller's reasoning in *Daniels* and finds that, based on controlling Supreme Court and Seventh Circuit precedent, vagueness challenges may not be raised against the pre-*Booker* mandatory guidelines. Assuming the Petitioner was sentenced under the career offender's residual clause, he is entitled

7

to no relief.  However, because the issue is one that reasonable jurists might debate, the Court will grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Ergo, the Successive Motion of Petitioner Charles R. Robinson, IV to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

The Clerk will terminate any other pending motions.[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court hereby grants a certificate of appealability regarding whether vagueness challenges may be raised against the pre-*Booker*, mandatory Guidelines.

The Clerk will enter Judgment and terminate this case.

ENTER: January 22, 2018

    FOR THE COURT:

                                         /s/ *Richard Mills*
                                         Richard Mills
                                         United States District Judge

---

[1] To the extent that Petitioner seeks to raise new issues in his supplement to his successive § 2255 motion, those issues neither rely on a new rule of constitutional law which applies retroactively nor do they address newly discovered evidence that might be sufficient to establish that no reasonable factfinder would have found him guilty. Accordingly, the Petitioner is entitled to no relief under 28 U.S.C. § 2255(h).